**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



SECOND ORDER OF ABATEMENT

Appellate case name:         George Wood v. Matthew D. Wiggins, Jr.

Appellate case number:    01-18-00630-CV

Trial court case number:    11-CV-0336

Trial court:                         405th District Court of Galveston County

        This Court's May 9, 2019 Order had reinstated this case following an abatement for the court reporter, Cylena Korkmas, to file a supplemental reporter's record containing the 8 exhibit volumes with the missing Wood Exhibits 29-33 and 40.  After being granted three extensions to file appellant's brief until August 22, 2019, appellant, George Wood, filed this opposed "Motion to Abate Appeal to Allow Court Reporter to Supplement with Trial Witness Testimony Omitted from Reporter's Record ("Motion to Abate"), or Alternative Motion for Order Directing Court Reporter to Supplement Omitted Testimony."

        Appellant's "Motion to Abate" contends that an abatement is needed to allow the court reporter to correct or supplement the reporter's record to include all witness testimony from the trial, specifically Tiffany Lyons and Gina Enriquez.  Ms. Lyons was presented by appellant's trial counsel through reading partial excerpts from her deposition transcript, but the court reporter did not transcribe it.  Ms. Enriquez's deposition had been videotaped and was played at the trial in its entirety, but the court reporter did not transcribe it, but her deposition transcript and video were admitted.  Appellant stated that he had already contacted the court reporter regarding the missing testimony from Lyons, but Ms. Korkmas informed counsel that she was unable to find a highlighted deposition transcript.

        After reviewing Volume 4, page 52, of the reporter's record, it appears that Lyons's deposition was read into the record, but transcribed only as "(Deposition of Tiffany Lyons read)," without the actual, excerpted lines transcribed.  By contrast, Volume 6, page 38, of the reporter's record shows that Enriquez's deposition was played at trial and transcribed as "(Gina Enriquez's video deposition played)," but her deposition transcript

and video were admitted as Wood Exhibits 40 and 40A, respectively. Texas Rule of Appellate Procedure 34.6(d) provides that, "[i]f anything relevant is omitted from the reporter's record, the trial court, the appellant court, or any party may by letter direct the official court reporter to prepare, certify, and file in the appellate court a supplemental reporter's record containing the omitted items." TEX. R. APP. P. 34.6(d). Rule 34.6(e)(2) provides that, "[i]f the parties cannot agree on whether or how to correct the reporter's record so that the text accurately discloses what occurred in the trial court and the exhibits are accurate, the trial court must—after notice and hearing—settle the dispute." TEX. R. APP. P. 34.6(e)(2). Rule 34.6(e)(3) provides that, "[i]f the dispute arises after the reporter's record has been filed in the appellate court, that court may submit the dispute to the trial court for resolution," and the trial court must then proceed under subparagraph (e)(2). TEX. R. APP. P. 34.6(e)(3).

Accordingly, the Court **GRANTS** appellant's "Motion to Abate." This appeal is **ABATED** and **REMANDED** to the trial court for a hearing to determine whether the reporter's record filed in this Court, specifically Volume 4, page 52, missing the actual, excerpted lines of Tiffany Lyons's deposition transcript, and Volume 6, page 38, missing the deposition transcript of Gina Enriquez is accurate, or whether it being admitted as Wood Exhibit 40 is sufficient. TEX. R. APP. P. 34.6(e)(3). If there is "any inaccuracy," the trial court must issue findings of fact and conclusions of law and "must order the court reporter to conform the reporter's record (including text and any exhibits) to what occurred in the trial court, and to file certified corrections in the appellate court." TEX. R. APP. P. 34.6(e)(2).

The court coordinator of the trial court shall set a hearing date **within 30 days of the date of this order** and notify the parties and the court reporter, **Cylena Korkmas**. The trial court shall have a court reporter record the hearing. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings of fact and conclusions of law, if any, and any orders with the Clerk of this Court **within 10 days of the date of the hearing**. The court reporter is directed to file the supplemental reporter's record of the hearing **within 10 days of the date of the hearing**.

This appeal is abated, treated as a closed case, and removed from this Court's active docket. This appeal will be reinstated on this Court's active docket when the supplemental clerk's record, supplemental reporter's record, and abatement hearing record, if any, are filed in this Court. Appellant's alternative motion for an order directing the court reporter to supplement omitted testimony is **dismissed as moot**.

It is so ORDERED.
Judge's signature: __/s/ Laura C. Higley_____
☑ Acting individually  ☐ Acting for the Court
Date: __August 27, 2019__

2